IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michelle Johnson,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Receivable Recovery Systems,<br><br>　　　　　　　Defendant. | Case No. 3:21-cv-3102-SAL<br><br><br>**ORDER** |

　　　　This matter is before the court on Plaintiff Michelle Johnson's motion for default judgment, ECF No. 15. For the reasons below, the court denies the motion and dismisses the case without prejudice.

**BACKGROUND AND PROCEDURAL HISTORY**

　　　　Johnson brings this action against Defendant Receivable Recovery Systems ("Receivable Recovery") under the Fair Debt Collection Practices Act ("FDCPA"). [ECF No. 1 (citing 15 U.S.C. § 1692).] Johnson alleges she received a letter from Receivable Recovery in October 2020, attempting to collect a debt that she incurred to a nonparty. *Id.* at 6. She claims the letter used "abusive, deceptive, and unfair" language in violation of § 1692(d)–(f) of the FDCPA.

　　　　Johnson filed her complaint on September 23, 2021, and the clerk of court issued summons that same day. [ECF No. 1–2.] Johnson did not attempt service of the summons and complaint until June 29, 2022. [ECF No. 9-1.] On August 17, 2022, she requested entry of default, arguing Receivable Recovery had not answered or otherwise appeared before the court. [ECF No. 12.] The clerk placed Receivable Recovery in default two days later. [ECF No. 14.] Johnson then moved for default judgment on May 2, 2023, and Receivable Recovery did not respond. [ECF No. 15.]

1

On December 21, 2023, the court issued an order to show cause why the action should not be dismissed without prejudice for improper service under Federal Rule of Civil Procedure 4(m). [ECF No. 17.] Johnson did not reply within the time allotted. The matter is now ripe for review.

## DISCUSSION

Proper service of process requires that a defendant be served a copy of the summons and complaint within the time allowed by Federal Rule of Civil Procedure 4(m). Fed. R. Civ. P. 4(c)(1). In relevant part, Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In this case, the record indicates that Johnson did not comply with the 90-day timeline. Johnson filed her complaint on September 23, 2021, and she did not attempt service until June 29, 2022—more than nine months later. [ECF Nos. 1; 9-1; 11 at 1; 15 at 1.] Her method of service was plainly improper.

The court has two options where, as here, a plaintiff violates Rule 4(m). It may dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). The court can effect either option "on its own after notice to the plaintiff" or on a party's motion. *Id.* Here, Receivable Recovery has not appeared in any capacity. The court, however, recognized the service issue and provided Johnson a chance to explain the delay. *See* ECF No. 17. Had she demonstrated "good cause for the [service] failure," the court would have been required to extend Johnson's time for service. *Id.* But, because she did not respond, the court now has the discretion to grant an extension absent a showing of good cause or to dismiss the suit without prejudice. *See Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022).

The court concludes the action should be dismissed without prejudice. Johnson waited far more than 90 days to attempt service. And she did not respond when given an opportunity to explain her delay. Moreover, the court is unpersuaded by Johnson's seeming attempt to explain the service delay in her motion for default judgment. Johnson there contends a Receivable Recovery representative was uncooperative when her counsel called to request a preferred address for service on May 13, 2022. [ECF No. 15-1 at 1–2.] Though this interaction perhaps clarifies why Johnson did not attempt service until June 29, 2022, it does not explain why she waited almost eight months after filing the complaint to make that alleged phone call. The court does not find "good cause" for Johnson's service delay. *See Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019) (explaining that "good cause" requires a "showing of diligence" and finding a lack thereof after plaintiffs' "significant periods of inactivity"). It also declines to grant her an extension at its own discretion, given the substantial nature of her delay and the high stakes associated with improper service at the default judgment stage. *See Craig v. Glob. Sol. Biz LLC*, No. 2:19-CV-00187-DCN, 2020 WL 528015, at *4 (D.S.C. Feb. 3, 2020) ("[T]he proprietary of service is of the utmost importance when a defendant is being faced with default judgment . . . in a case that has not been decided on the merits.").

## CONCLUSION

For the foregoing reasons, the court **DENIES** Johnson's motion for default judgment, ECF No. 15, and dismisses the case without prejudice.

**IT IS SO ORDERED.**

*Sherri A. Lydon*

January 9, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge